338

G. JOHN KOSSYK, DOROTHY SONNENBERG AND IRA LANDAU, PLAINTIFFS-APPELLANTS, v. THEODORE LIGHT, ROBERT LIGHT, STEPHEN RITZ, ROBERT SMITH, M. ROY OAKE, ANN NOLAN, AND CARL LEONHARD, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 17, 1977—Decided March 10, 1978.

Before Judges FRITZ, BOTTER and ARD.

*Mr. Sanford E. Chernin* argued the cause for appellants (*Messrs. Chernin & Freeman,* attorneys).

*Mr. M. Roy Oake* argued the cause for respondents.

PER CURIAM. Appellants contest, as invalid because of the absence of a quorum when the vote was taken, the election of one chosen by the council to fill a vacancy on the council in the Township of Piscataway, a municipality operating in a mayor-council plan F under *N. J. S. A.* 40: 69A–74. The trial judge determined that a quorum was present and confirmed the propriety of the election of respondent Leonhard.

The essential findings of the trial judge were that a quorum had been present at the meeting, had transacted business and had then been intentionally dissipated when the elec-

tion item was reached on the agenda "for the purpose of frustrating a vote" with respect to the vacancy. It was obvious to the dissenters, appellants here, that if they remained, one whose selection they did not favor would be duly elected. The only avenue open to prevent this orderly course of events was to leave. The trial judge specifically found that appellants "opposed to, unhappy with the nomination of Mr. Leonhard by the mayor for the vacancy embarks on a course of frustration of a vote." All these findings might easily and reasonably have been reached on the whole record. Indeed, if they are not conceded, they are inescapable. We will not disturb them. *State v. Johnson,* 42 *N. J.* 146 (1964).

In these circumstances the trial judge, unhelped by the absence of precedent as are we, determined that orderly government should not be frustrated by whim and the device of council persons absenting themselves from a position to which they were elected and to the attendance on which they had a solemn duty. Accordingly, he held that the erstwhile quorum continued from the previous item of business to the next, from the one during which the recalcitrants were physically present to the one during which by their own choice and intention they were not.

Common sense prompts the inquiry as to whether it should make a difference whether these appellants, to whom, among others, had been entrusted the government of the municipality, were by choice out in the hall refusing to vote or standing mute in the council chamber. As unacceptable as both Leonhard and the system might have been to appellants, it appears to us that impotent, stalemated government must be worse.

In the narrow circumstances of the dispute before us we are persuaded that the determination of the trial judge was correct.

Affirmed.